IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANNY C. HOSKINS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-22-355 |
| WARDEN SHANE WEBER, *et al*., | * | |
| Defendants. | * | |

\*\*\*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Danny C. Hoskins, an inmate at Jessup Correctional Institution ("JCI") filed this civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA") against a host of medical and corrections defendants arising from a series of events at his former place of incarceration, Western Correctional Institution ("WCI"). ECF No. 23. Pending is the motion to dismiss or alternatively for summary judgment filed by certain Defendants: Warden Shane Weber, Assistant Warden Bradley O. Butler, Captain Ronald Blamble, Lieutenant Curran McKenzie, Former Medical Director Dr. Sharon Baucom, the Department of Public Safety and Correctional Services ("DPSCS"), and WCI (collectively the "State Defendants").[1] ECF No. 38. The Court advised Hoskins of his right to respond pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), and thereafter, Hoskins opposed the motion. ECF Nos. 39, 41. The matter is fully briefed, and no hearing is necessary. See Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, the motion will be granted in part and denied in part.

**I.      Background**

In 2017, Hoskins suffered several strokes that have left him wheelchair bound. ECF No. 23. He also endures chronic and severe neck and back pain, hemiplegia, hemiparesis, high blood

---

[1] The Clerk shall be directed to correct the names of the defendants on the docket.

pressure, diabetes, high cholesterol, loss of equilibrium, anxiety, and depression. *Id*. at 10-11. The Third Amended Complaint lodges a series of claims concerning the denial or delay of medical care against Defendant healthcare providers (the "Medical Defendants"). The sufficiency of the claims against the Medical Defendants will be treated in a separate decision. *See* ECF Nos. 61, 64.

Pertinent to the State Defendants, Hoskins asserts that Warden Weber and Assistant Warden Butler "allowed and ignored Plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution, and [Title II of] the Americans with Disabilities Act [("ADA"), 42 U.S.C. § 12101], because they permitted the Medical Defendants to provide substandard care and refused to 'fix' cells to accommodate disabled inmates." ECF No. 23 at 4. For Lieutenant McKenzie and Captain Blamble, Hoskins alleges that they retaliated against him for complaining that Lieutenant McKenzie had ignored another inmate's medical emergency. ECF No. 23 at 3-4. Captain Blamble accepted Hoskins grievance related to Lieutenant McKenzie and then "ordered" Hoskins to "sign off on" the grievance; when Hoskins refused, Captain Blamble made Hoskins pack his belongings and moved him to another unit. Lieutenant McKenzie followed behind and commanded Hoskins to vacate his cell. During transport, two officers who purposely hid their identities by not wearing name tags accompanied Captain Blamble and threatened to physically harm Hoskins. *Id*. at 4. Ultimately, because Lieutenant McKenzie reassigned Hoskins to another cell, Hoskins lost his job. *Id*.

Pertinent to Dr. Baucom, Hoskins alleges that as Medical Director, she allowed Corizon, YesCare and the individual providers to deliver substandard medical care. Hoskins particularly faults Dr. Baucom for other providers' refusal to prescribe Hoskins narcotics, assign him to physical therapy, and order a specialist evaluation. Hoskins alleges that the services were medically necessary but nonetheless denied for budgetary reasons. *Id*.

Last, as to the two named entities – DPSCS and WCI – Hoskins faults DPSCS for hiring the lowest bidding healthcare provider to care for the inmates, despite the provider's "track record" of delivering substandard care. ECF No. 23 at 5. And "WCI," like Warden Weber and Assistant Warden Butler, "continuously turn[ed] their eyes" from ongoing lack of adequate care. ECF No. 23 at 5.

## II.    Standard of Review

Defendants move to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment to be granted in their favor under Rule 56. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). Because Hoskins proceeds pro se, the Court gives the pleadings an especially charitable reading to let all potentially viable claims move forward. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A Rule 56 motion requires the Court to grant summary judgment in the movant's favor "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court must "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor

without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.,* 290 F.3d 639, 645 (4th Cir. 2002). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48 (1986) (emphasis in original).

A motion that seeks either dismissal or summary judgment implicates the Court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.,* 788 F. Supp. 2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court maintains "'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting 5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

### III.   Analysis

The parties principally spar over whether Hoskins has exhausted his administrative remedies for the claims against the State Defendants prior to filing suit. The parties have appended documents regarding exhaustion that go beyond the four corners of the Third Amended Complaint. ECF Nos. 12, 13, 14, 38-1, 38-2. Accordingly, the Court considers whether any genuine factual dispute exists on the State Defendants lack of exhaustion defense to the claims. *See, e.g., Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021).

Under the Prisoner Litigation Reform Act ("PLRA"), an inmate must pursue his claim through all available administrative remedies prior to filing suit in federal court.  42 U.S.C. § 1997e.  Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, it is an affirmative defense to the claims; thus, the inmate must exhaust administrative remedies before this Court will hear the claim.  *See also Jones v. Bock*, 549 U.S. 199, 215-216 (2007); *Anderson v. XYZ Corr. Health Servs.*, 407 F.2d 674, 682 (4th Cir. 2005).  Exhaustion requires an inmate to complete "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  But the court must also ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006); an inmate need only exhaust "available" remedies.  42 U.S.C. § 1997e(a); *see Ross v. Blake*, 578 U.S. 632, 636 (2016).

Maryland inmates have available an administrative grievance process for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), § 10-201 *et seq.;* Md. Code Regs. ("COMAR") 12.07.01.01B(1). An inmate must first file an Administrative Remedy Procedure ("ARP"), and if the ARP is denied, he must appeal the denial to the Commissioner of Correction.  COMAR 12.02.28.05(D)(1); COMAR 12.02.28.14(B)(5). If the Commissioner finds against the inmate, the inmate next must file a grievance with the Inmate Grievance Office ("IGO"). C.S. § 10-206(a); C.S. § 10-210; COMAR 12.02.28.18.  If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see also* COMAR 12.07.01.06(B).  An IGO order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review.  C.S. § 10-207(b)(2)(ii).

According to the IGO records, Hoskins filed and appealed four ARPs between 2019 and October 31, 2023.  ECF No. 38-2.  Of the four, only one pertains to the claims that Hoskins now

asserts against the State Defendants.  Specifically, Hoskins appears to have exhausted the claims against Lieutenant McKenzie and Captain Blamble for retaliatory cell assignment.  Thus, that claim will not be disposed for lack of exhaustion.

For the remaining claims, Hoskins attaches documents showing that he has filed many ARPs and appealed adverse decisions to the Commissioner.  ECF Nos. 41 at 5; 41-5.  But he also admits that as he never appealed the Commissioner's determinations to the IGO, instead suggesting that he was not required to because the ARP process entails only grievances directed to the Warden and the Commissioner.  ECF No. 41 at 5.  No such exception to the exhaustion requirement exists.  Accordingly, when viewing the record most favorably to Hoskins, he has failed to exhaust administrative remedies as to all claims against the State Defendants save for those related to McKenzie and Blamble.  As to the unexhausted claims, the Court will dismiss them without prejudice so not to foreclose future suit should exhaustion be completed.  *See, e.g., Moss v. Harwood*, 19 F.4th 614, 623 n.3 (4th Cir. 2021) (affirming the granting of summary judgment in favor of defendants on issue of failure to exhaust administrative remedies but dismissing plaintiff's unexhausted claim without prejudice).

As for the retaliation claim against Lieutenant McKenzie and Captain Blamble, the Defendants do not append any evidence for the Court's consideration; indeed, they do not address the legal sufficiency of the claim at all.  Thus, the claim is best suited for review under the Rule 12(b)(6) standard.

When viewing the complaint facts most favorably to Hoskins as the non-movant, it plausibly states a First Amendment retaliation claim against McKenzie and Blamble.  ECF No. 23.  "The First Amendment right to free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Suarez*

*Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000).  To state a claim of First Amendment retaliation, the complaint must make plausible that: (1) the plaintiff engaged in protected First Amendment activity; (2) the defendant took some action that adversely affected the First Amendment rights; and (3) there was a causal relationship between the protected activity and the defendant's conduct.  *See Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005) (citing *Suarez*, 202 F.3d at 686).  Although "the constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large," "incarceration does not divest prisoners of all constitutional protections." *Shaw v. Murphy*, 532 U.S. 223, 228–29 (2001).  "[A] prison inmate retains those First Amendment rights that are not inconsistent with [the] status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974).

Particularly so, an inmate's "right to file a prison grievance free from retaliation" is protected by the First Amendment.  *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 545 (4th Cir. 2017).  A retaliation claim is made plausible where an officer responds to the inmate's grievance in a way that "would likely deter a person of ordinary firmness from the exercise of First Amendment rights."  *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017), *cert. denied*, 138 S.Ct. 738 (2018) (internal quotation marks and citations omitted).  Where the retaliatory act takes place close in time to the inmate's filing of his grievance, a causal relationship may also be inferred.  *See Foster v. Univ. of Maryland E. Shore*, 787 F.3d 243, 253 (4th Cir. 2015).

The complaint facts read most favorably to Hoskins make plausible a retaliation claim.  After Hoskins filed an ARP against the officers for ignoring a very ill inmate, Captain Blamble and Lieutenant McKenzie acted swiftly to relocate Hoskins to a new cell.  Along the way, Blamble allowed other officers to threaten Hoskins with bodily harm.  ECF No. 23 at 3-4, 8.  Hoskins also

lost his prison job as a result of the forced move.  A reasonable factfinder could conclude that in response to Hoskins' grievance, Captain Blamble and Lieutenant McKenzie took adverse action against Hoskins of sufficient severity to deter a reasonable prisoner in his shoes from complaining. Although the Court does not totally know what to make of Hoskins' allegation that he refused to "sign off" on the ARP, ECF No. 41 at 6, Hoskins nonetheless pursued the grievance to his distinct disadvantage.  Thus, the motion will be denied on this claim.

## IV.    Conclusion

The State Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment is granted in part and denied in part.  The motion is granted as to DPSCS, WCI, Weber, Butler, and Baucom for failure to exhaust administrative remedies, and the claims are dismissed without prejudice.  As to the retaliation claim against Captain Blamble and Lieutenant McKenzie, the motion is denied.

A separate Order follows.

9/5/24                                                                            /S/
_____                                     _____

Date                                                              Paula Xinis
                                                                      United States District Judge